UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-62337-LEIBOWITZ/AUGUSTIN-BIRCH

GIOVANNI MATUS,

    Plaintiffs,

v.

POLLO OPERATIONS, INC.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON
JOINT MOTION TO APPROVE SETTLEMENT OF FLSA CLAIM**

    This cause comes before the Court on the parties' Joint Motion to Approve Settlement of FLSA Claim and Joint Stipulation of Dismissal With Prejudice. DE 21. The Honorable David S. Leibowitz, United States District Judge, referred the Joint Motion to the undersigned United States Magistrate Judge. *See* DE 19. The Court has carefully considered the record and the Joint Motion and is otherwise fully advised in the premises. For the following reasons, the Court **RECOMMENDS** that the Joint Motion [DE 21] be **GRANTED**, that the parties' Settlement Agreement [DE 21-1] be **APPROVED**, and that this case be **DISMISSED WITH PREJUDICE**.

    Plaintiff Giovanni Matus filed this action against Defendant Pollo Operations, Inc., his former employer, alleging that Defendant, among other violations,[1] violated the Fair Labor Standards Act ("FLSA") by failing to pay him a minimum wage. DE 1. Under the terms of the parties' Settlement Agreement, Plaintiff will receive $800 in unpaid minimum wages. DE 21-1 at 1. Plaintiff's counsel—the Disability, Inclusion, and Advocacy Clinic at Nova Southeastern

---

[1] Plaintiff's Complaint also pleads two counts of violation of the Americans with Disabilities Act. DE 1.

University—represented Plaintiff *pro bono* and will not receive any attorney's fees as part of the Settlement Agreement. *See* DE 21-1; DE 21 at 2.

A settlement resolving an FLSA claim must either be presented to the Secretary of Labor or be scrutinized by a court for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). In reviewing the fairness of a settlement of an FLSA claim, a court determines whether the settlement is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1355. The court considers factors such as (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Johnson v. Gonzo Mktg. Servs., LLC*, No. 21-60775-CIV, 2021 WL 8363200, at *2 (S.D. Fla. Oct. 20, 2021) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)).

In the Joint Motion, the parties discuss the *Leverso* factors for the Court. First, the parties state that they were represented by counsel experienced in litigating FLSA matters. DE 21 at 4. Second, the parties assert that they decided to settle this matter after careful consideration of their respective positions and in light of the inherent risks and substantial costs of continued litigation. *Id.* Third, the parties claim that continuing to litigate would cause them to incur costs that would quickly exceed the maximum damages Plaintiff could possibly recover. *Id.* at 5. Fourth, the parties maintain that they exchanged sufficient information to allow them to evaluate their respective positions and weigh the benefits of settling. *Id.* Fifth, the parties disagree about the merits of Plaintiff's FLSA claim, and thus there is a bona fide dispute. *Id.* at 6. Lastly, the parties' counsel believe that the Settlement Agreement is fair and reasonable. *Id.*

The Court has considered the parties' arguments and has conducted its own review of the record. The Court notes that this case was pending for roughly eight months before the parties notified the Court of their settlement. The parties settled before needing to complete discovery, draft dispositive motions, and prepare for trial. This settlement avoided the accumulation of additional fees and costs, and the Court has no reason to believe that the settlement is a product of fraud or collusion. Accordingly, the Court concludes that the application of the *Leverso* factors to this case demonstrates that the parties' settlement is fair and reasonable.

The Court now turns to the provisions of the Settlement Agreement. The Settlement Agreement contains various standard provisions, such as a choice-of-law provision and an acknowledgments provision. *See* DE 21-1. The Settlement Agreement does not contain a general release or a confidentiality provision. The Settlement Agreement also does not provide for a payment of attorney's fees to Plaintiff's counsel. The Court concludes that the Settlement Agreement is fair and reasonable in its entirety.

Accordingly, the Court recommends that the parties' Joint Motion to Approve Settlement of FLSA Claim [DE 21] be **GRANTED** and that the Settlement Agreement [DE 21-1] be **APPROVED**. The Court further recommends that this case be **DISMISSED WITH PREJUDICE**. Since the parties request for the Court to retain jurisdiction to enforce the terms of the Settlement Agreement, DE 21 at 7, the Court also recommends retaining jurisdiction to enforce the terms of the Settlement Agreement.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on

unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

      **DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 25th day of September, 2025.

                                                    _____
                                                    PANAYOTTA AUGUSTIN-BIRCH
                                                    UNITED STATES MAGISTRATE JUDGE